Ethan Berry, In Persona
484 Lake Park Ave. #160
Oakland, CA. 94610
Phone: (510) 277 – 0193 ext. 101
Fax:    (510) 355 - 0358
Email: eberry@ethanberry.org

FILED
FEB 19 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

UNITED STATES DISTRICT COURT

NORTHER DISTRICT OF CALIFORNIA

ETHAN BERRY,

    Plaintiff,

vs.

CITY OF VALLEJO, a municipal corporation; ANDREW BIDOU, in his capacity as Chief of Police for CITY OF VALLEJO; JASON BAUER, individually, and in his capacity as a police officer for CITY OF VALLEJO; KYLE WYLIE, individually, and in his capacity as a police officer for CITY OF VALLEJO; and, DOES 1-25, inclusive,

    Defendants

Case No.: Number C19-0886

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

## JURISDICTION

1. This action arises under Title 42 of the United State Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United State Code, Section 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City of Vallejo, California, which is within this judicial district. Benue is conferred upon this court by Title 28 United States Code Section 1391(b).

## PARTIES

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 1

2. Plaintiff ETHAN BERRY is, and at all times herein mentioned was, a citizen of the United States residing in Oakland, in the County of Alameda, California. Plaintiff is African American.

3. Defendant CITY OF VALLEJO (hereinafter referred to as "CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. At all times herein mentioned, defendant, ANDREW BIDOU, was the Chief of Police for the CITY. Defendant, ANDREW BIDOU, is sued herein in his capacity as the Chief of Police for the CITY.

4. At all times mentioned herein, defendants JASON BAUER; KYLE WYLIE; and DOES 1-25, inclusive, were employed by defendant CITY as police officers. Defendant police officers are sued herein individually, and in their capacity as police officers for the defendant CITY. Engaging in the conduct described herein, defendant police officers acted under color of law and in the course and scope of their employment by defendant CITY. In engaging in the conduct described herein, defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by defendant CITY. On information and belief, plaintiff alleges that defendants JASON BAUER; KYLE WYLIE; and DOES 1=25, inclusive, are Caucasian and/or Latino.

5. DOES 1-10, inclusive, are defendant police officers employed by defendant CITY, acting within the course and scope of their employment by defendant CITY, who were directly involved in the wrongful assault against plaintiff, and the wrongful and false detention of plaintiff as described hereinafter.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 2

6. DOES 11-20, inclusive, are defendant police officers employed by defendant CITY, acting within the course and scope of their employment by defendant CITY, who were employed in a supervisory capacity by defendant CITY and were responsible in some manner for properly and adequately hiring, retaining, supervising, disciplining, and training defendant police officer JASON BAUER; KYLE WYLIE and DOES 1-10, in the proper and reasonable use of force, effecting proper detentions and arrests, and treating persons in a manner that is not racially discriminatory.

7. DOES 21-25, inclusive, are defendants who worked at Vallejo Sutter Health Hospital Emergency Room on February 19th, 2018 acting as police officers.

8. Plaintiff is ignorant of the true names and capacities of defendant DOES 1-25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages suffered by plaintiff as set forth herein. Plaintiff will amend his Complaint to state the true names and capacities of defendants DOES 1 through 25, inclusive, when they have been ascertained.

9. In engaging in the conduct described herein, defendant police officers acted under the color of law and in the course and scope of their employment with defendant CITY. In engaging in the conduct described herein, defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions, and as employees of defendant CITY.

10. For State causes of action related to Federal claims, plaintiff is required to comply with an administrative claim requirement under California law. Plaintiff has complied with all applicable requirements.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 3

## STATEMENT OF FACTS

11. On February 19, 2018, at approximately 10:00 a.m. PST, plaintiff ETHAN BERRY was visiting the Vallejo Sutter Health Emergency room for chest pains he was feeling and muscle spasms he was having in his chest, back, and legs. At the time he was admitted to the emergency room, the staff at Sutter Health called the police for no reason on plaintiff. Two police officers arrived in the examination room at Vallejo Sutter Health hospital emergency department. They find plaintiff lying on the floor in the emergency exam room. The officers begin to taunt plaintiff with the following statements: **"There is nothing wrong with you!"; "Don't make us get you up off the floor, you will really be hurt then!"; "I don't have time to wait for you to feel better, you are not hurt."; "The doctor said there is nothing wrong with you and they want you out of their emergency room!"; "What don't you understand, the doctor is not going to help you, you have to leave.";** etc.. This went on for about 20 minutes before one of the officers snatched the smartphone from out of plaintiffs hands, where he was recording the interaction between the hospital staff and the police officers. The officer who snatched the smartphone erased the contents which were recorded of the interaction between the hospital staff and the police officers while the other officer begin assaulting plaintiff by kicking him and putting his knees in his back. The other officer then joined in and begin kicking plaintiff and kneeing him in his side, neck and shoulder snatching his arms and legs and twisting his body to handcuff him with his arms behind his back for no reason. The police officers then carried plaintiff out of the emergency examination room by his arms and his legs because plaintiff could not walk, his back was locked up and his legs were paralyzed. The police officers put plaintiff in the back of a police car and drove

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 4

around keeping him handcuffed in the back seat of the police car, taunting plaintiff with statements like: **"there is nothing wrong with you;, shut up; "I'm not taking the handcuffs off of you until you shut up."; "You are just faking it."; "You are not in any pain"**; etc.. This went on for over four hours while plaintiff was in the back seat of the police car with his hands cuffed behind his back complaining about the pain he was in and his health condition asking to be taken to the emergency department at another hospital before he died. Plaintiff is 100% disabled since the year 2000 with chronic back pain and other disabilities as verified by the Social Security Administration Department.

12. After more than four hours with the plaintiff in the back seat of the police car hand cuffed, arms behind his back, the police officer driving the police car took plaintiff to the Solano County jail in Fairfield from Vallejo. When plaintiff was seen by the Solano County jail nurse and his blood pressure was taken and she listened to his heart, the nurse told the police officer she could not intake plaintiff because he was too ill and instructed the police officer to get plaintiff to a hospital emergency room immediately, before he had a stroke or a heart attack. The police officer then put plaintiff back in the back seat of the police car handcuffed and drove him to North Bay Hospital Emergency department where he gave plaintiff a citation to appear in court, took the handcuffs off of him and left him in the care of the North Bay Hospital Emergency department medical staff. When plaintiff appeared at court on the date written on the citation ticket the police officer gave him, he was not on any of the courts calendars. Plaintiff called the Solano County DA's office to ask if they could find plaintiff on any of the Solano County courts calendars and they replied they could not. No charges were ever filed against plaintiff.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 5

13. Defendant officers JASON BAUER; KYLE WYLIE and DOES 1-10 and 21-25, inclusive, intentionally or negligently failed to do or say anything to stop each other from assault and battery of plaintiff, ETHAN BERRY.

14. Plaintiff had not done anything to provoke this assault on him, and did nothing to physically resist these officers. Further, plaintiff was unarmed. Further, plaintiff complied with all orders given to him by defendant police officers within his power during this incident.

15. The above-described assault and wrongful detention of plaintiff by defendant police officers was brutal, malicious, and was done without any just provocation or cause, proximately causing injuries and damages to plaintiff.

## DAMAGES

16. As the direct and proximate result of defendants' wrongful conduct, including assault; false detention and imprisonment; and violation of civil rights, plaintiff was injured and damaged as set forth herein.

17. As a direct and proximate result of defendant officers' wrongful conduct, plaintiff suffered the following injuries and damages:

   a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person;

   b. Loss of physical liberty;

   c. Physical injuries, pain and suffering, emotional trauma and suffering, and medical expenses.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 6

d. Violations of the following clearly established and well-settled federal constitutional rights include but are not limited to: (1) freedom from unreasonable search and seizure of their persons under the Fourth Amendment to the United States Constitution; and, (2) right to equal protection under the Fourteenth Amendment to the United States Constitution;

e. The conduct of named defendant police officers; and DOES 1-10, inclusive, was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against said defendant police officers; and,

f. Plaintiff found it necessary to engage the court to vindicate his rights under the law. Plaintiff is therefore entitled to an award of all a fees and subsequent attorney fees incurred in relation to this action for violation of his civil rights.

### FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Against defendant police officers JASON BAUER, KYLE WYLIE, and DOES 1-10 and 21-25, inclusive)

18. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 17 of this Complaint.

19. In doing the acts complained of herein, named defendant police officers and DOES 1-10; 21-25, inclusive, but not limited to:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 7

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and,

d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (42 U.S.C. Section 1983)
**(Against defendants CITY; JASON BAUER; KYLE WYLIE; and DOES 11-20, inclusive)**

20. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 19 of this Complaint.

21. Plaintiff is informed and believes and thereon alleges that prior to the date of the subject incident on 2-19-18, defendant police officers JASON BAUER, KYLE WYLIE, and DOES 1-10; 21-25, inclusive, had a history of engaging in acts of assault; effecting false arrests; and treating persons in racially discriminatory manner, of which defendants CITY; JASON BAUER, KYLE WYLIE; and DOES 11-20, inclusive, knew or reasonably should have known for some time prior to the subject incident involving plaintiff.

22. Plaintiff is informed and believes and thereon alleges that despite having such notice of named defendant police officers' prior misconduct, defendants CITY; OFFICER, KYLE WYLIE; and DOES 11-20, inclusive, approved, ratified, condoned, encouraged and/or

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 8

tacitly authorized the continuing pattern and practice of misconduct and civil rights violations by named defendants police officers.

23. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the prior misconduct of named defendant police officers, defendants CITY; JASON BAUER, KYLE WYLIE; and DOES 11-20, inclusive, approved, ratified, condoned, encouraged and tacitly authorized named defendant police officers to continue their course of misconduct, resulting in the violation of plaintiff's rights and injuries and damages to plaintiff as alleged herein.

24. Defendant CITY, by and through its supervisory employees and agents, ANDREW BIDOU, in his capacity as Chief of Police for defendant CITY, and DOES 11-20, inclusive, has and had a mandatory duty of care imposed on it by the 4th and 14th Amendments to the United States Constitution, to properly and adequately hire, train, retain, supervise, and discipline its police officer employees so as to avoid unreasonable risk of harm to citizens as the proximate result of CITY police officers assaulting, effecting false arrest and imprisonments, and/or subjecting persons to racially discriminatorily motivated misconduct. With deliberate indifference, defendants CITY, ANDREW BIDOU, and DOES 11-20, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiff's rights and injuries to plaintiff. With deliberate indifference, defendants CITY; ANDREW BIDOU, and DOES 11-20, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiff's rights and injuries to plaintiff. With deliberate indifference, defendants CITY, ANDREW BIDOU, and DOES 11-20, inclusive,

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 9

breached their duty of care to plaintiff in that: (1) They failed to adequately hire, retain, supervise, discipline, and train police officers, including defendants JASON BAUER, KYLE WYLIE, and DOES 1-10; 21-25, in the proper use of force; effecting proper and reasonable arrests and detentions; and treating citizens in a manner that is not racially discriminatory; (2) They failed to have adequate policies and procedures regarding proper use of force; effecting proper arrests and detentions; and treating citizens in a manner that is not racially discriminatory; (3) They acted with deliberate indifference, in reckless and/or conscious disregard of the prior misconduct of named defendant police officers, and, (4) They approved, ratified, condoned, encouraged and/or tacitly authorized named defendant police officers to continue their course of misconduct of unreasonable assaults; effecting false arrests and detentions, and treating persons in a manner that is racially discriminatory, resulting in violation of plaintiff's rights, and injuries and damages to plaintiff as alleged herein.

25. This lack of adequate hiring, retention, supervision, training, and discipline of named defendant police officers demonstrate the existence of an informal custom of police of promoting, tolerating, and/or ratifying the continuing unreasonable assaults; wrongful false arrests and detentions; and treating persons in a racially discriminatory manner by police officers employed by defendant CITY.

26. The above-described misconduct by defendants CITY; ANDREW BIDOU; and DOES 11-20, inclusive, resulted in the deprivation of plaintiff's constitutional rights, including but not limited to the following

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 10

   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

   c. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and,

   d. The right to be free from interferences with the zone of privacy as protected by the Fourth and Ninth Amendments to the United States Constitution.

   Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

27. Further, the acts of defendant police officers JASON BAUER, KYLE WYLIE, and DOES 1-10; 21-25 alleged herein, are a direct and proximate result of the abovementioned wrongful conduct of defendants CITY; ANDREW BIDOU; and DOES 11-20, inclusive. Plaintiff's injuries and damages were a foreseeable and proximate result of the abovementioned wrongful conduct of defendant police officers JASON BAUER, KYLE WYLIE, and DOES 1-10, and the abovementioned wrongful conduct of CITY; ANDREW BIDOU; and DOES 11-20, inclusive.

   WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
(Assault and Battery)
(Against defendant police officers JASON BAUER, KYLE WYLIE, and DOES 1-10, inclusive)

28. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 27 of this Complaint.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 11

29. Named defendant police officers and defendants DOES 1-10;21-25, inclusive, placed plaintiff in immediate fear of death and severe bodily harm by assaulting and battering him without any just provocation or cause. Said defendants' conduct was neither privileged nor justified under statute or common law.

30. As a proximate result of said defendants' conduct, plaintiff suffered damages as hereinafter set forth.

WHEREFOR, plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### (False Arrest and Imprisonment)
### (Against defendant police officers JASON BAUER, KYLE WYLIE, and DOES 1-10, inclusive)

31. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 30 of this Complaint.

32. Named defendant police officers and defendants DOES 1-10, inclusive, falsely detained and imprisoned plaintiff without just provocation or probable cause. Plaintiff had not committed any crime, and there was no basis upon which defendant officers could have reasonably believed that plaintiff had committed a crime.

33. Said defendant officers failed to observe proper or reasonable procedures in falsely detaining and/or arresting and imprisoning plaintiff without probable cause.

34. As a proximate result of said defendants' conduct, plaintiff suffered damages as hereinafter set forth.

### FIFTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Against defendant police officers JASON BAUER, KYLE WYLIE, and DOES 1-10; 21-25, inclusive)

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 12

35. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 36 of this Complaint.

36. The conduct of the named defendant police officers and defendants DOES 1-10; 21-25, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. Said defendants committed the aforementioned extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon plaintiff.

37. As a proximate result of said defendant officers' willful, intentional and malicious conduct, plaintiff suffered severe and extreme mental and emotional distress. Therefore, plaintiff is entitled to an award of punitive damages against said defendants. Plaintiff has suffered injuries and damages as hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
**(Violation of Civil Code Section 52.1)**
**(Against defendant police officers JASON BAUER, KYLE WYLIE, and DOES 1-10; 21-25, inclusive)**

38. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 37 of this Complaint.

39. The conduct of named defendant police officers and defendants DOES 1-10, inclusive, as described herein, acting in the course and scope of their employment for defendant CITY, violated California Civil Code Section 52.1, in that they interfered with plaintiff's exercise and enjoyment of his civil rights, by assaulting and battering him, and wrongfully detaining and/or arresting and imprisoning plaintiff. Further, said defendant officers violated plaintiff's right to be free from racial discrimination pursuant to the 14th Amendment of the U.S. Constitution; California Constitution; and various federal and

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 13

California statutes, including California Civil Code Section 52.1, in that their misconduct towards plaintiff was motivated by racial animus.

40. As a direct and proximate result of said defendants' violation of Civil Code Section 52.1, plaintiff suffered violation of his constitutional rights, and suffered damages as set forth herein.

41. Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, plaintiff prays for relief, as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
(Negligence)
**(Against defendant police officers JASON BAUER, KYLE WYLIE, and DOES 1-10, inclusive)**

42. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 41 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

43. At all times herein mentioned, named defendant police officers and defendants DOES 1-10, inclusive, were subject to a duty of care to avoid causing injuries and damages to persons by not unreasonably and wrongfully assaulting or battering them, and by not effecting wrongful detentions and arrests. Also, named defendant police officers and defendants DOES 1-10, inclusive, were subject to a duty of care to take some reasonable action to attempt to prevent their coemployee police officers from wrongfully assaulting, battering, and wrongfully arresting persons. The wrongful conduct of named defendant police officers and defendants DOES 1-10, inclusive, as set forth herein, did not comply with the standard of care to be exercised by reasonable police officers acting in similar

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 14

circumstances, proximately causing plaintiff to suffer injuries and damages as set forth herein.

44. As a proximate result of said defendants' negligent conduct, plaintiff suffered severe and extreme emotional and mental distress and injury, having a traumatic effect on plaintiff's emotional tranquility, and damages.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
**(Negligent Hiring, Retention, Training, Supervision, and Discipline)**
**(Against defendants CITY; ANDREW BIDOU; and DOES 11-20, inclusive)**

45. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 44 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

46. Plaintiff is informed and believes and thereon alleges that prior to the date of the subject incident on 2-19-18, named defendant police officers JASON BAUER and KYLE WYLIE had a history of engaging in acts of assault; effecting false arrests and detentions, and/or treating persons in a racially discriminatory manner, of which defendants CITY; ANDREW BIDOU; and DOES 11-20, inclusive, knew or reasonably should have known for some time prior to the subject incident involving plaintiff on 2-19-18.

47. Plaintiff is informed and believes and thereon alleges that despite having such notice of named defendant police offices' prior misconduct, defendants CITY; ANDREW BIDOU; and DOES 11-20, inclusive, negligently ratified, condoned, encouraged and/or tacitly authorized the continuing misconduct and civil rights violations by named defendant

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 15

police offices of unreasonable and wrongful assaults; effecting false arrests and detentions; and/or treating persons in a racially discriminatory manner.

48. Plaintiff is further informed and believes and thereon alleges that as a result of their reckless and/or conscious disregard of the prior misconduct of named defendant police officers, defendants CITY; ANDREW BIDOU; and DOES 11-20, inclusive, approved, ratified, condoned, encouraged and/or tacitly authorized named defendant police officers to continue their course of misconduct, resulting in the violation of plaintiff's rights and injuries and damages to plaintiff as alleged herein.

49. Defendant CITY, by and through its supervisory employees and agents, ANDREW BIDOU, Chief of Police for CITY, and DOES 11-20, inclusive, has and had a mandatory duty of care imposed on it by the 4th and 14th Amendments to the United States Constitution, to properly and adequately hire, train, retain, supervise, and discipline its police officer employees so as to avoid unreasonable risk of harm to persons as the proximate result of CITY police officers' unreasonable assaults; effecting false arrests, detentions, and imprisonments; and/or subjecting persons to racially discriminatorily motivated misconduct. Defendants CITY; ANDREW BIDOU; and DOES 11-20, inclusive, breached their duty of care to plaintiff in that: (1) They negligently failed to adequately hire, retain, train, supervise, and/or discipline CITY police offices, including defendants JASON BAUER, KYLE WYLIE, and DOES 1-10, inclusive, in the proper and reasonable use of force effecting proper and reasonable arrests and detention; and/or treating persons in a manner that is not racially discriminatory; (2) They negligently failed to have adequate policies and procedures regarding proper and reasonable use of force; effecting proper and reasonable arrests and detentions; and/or treating persons in a

manner that is not racially discriminatory; (3) They acted with reckless and/or conscious disregard of the prior misconduct of named defendant police officers by negligently failing to adequately hire, retain, train, supervise, and/or discipline named defendant police officers in the use of reasonable force; effecting proper and reasonable arrests and detentions; and/or treating persons in a manner that is not racially discriminatory; and, (4) They approved, ratified, condoned, encouraged and/or tacitly authorized named defendant police officers to continue their course of misconduct, resulting in the violation of plaintiff's rights, and injuries and damages to plaintiff as alleged herein.

50. The above-described negligent misconduct by defendants CITY; ANDREW BIDOU; and DOES 11-20, inclusive, resulted in the deprivation of plaintiff's constitutional rights, including but not limited to the following:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

   c. The right to equal protection of the laws, as guaranteed bu the Fourteenth Amendment to the United States Constitution; and,

   d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

   Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 17

51. Further, the acts of defendant police officers JASON BAUER, KYLE WYLIE, and DOES 1-10; 21-25, inclusive, alleged herein, are the direct and proximate result of the abovementioned negligent wrongful conduct of defendants CITY; ANDREW BIDOU; and DOES 11-20, inclusive. Plaintiff's injuries and damages were a foreseeable and proximate result of the abovementioned wrongful conduct of defendant police officers JASON BAUER, KYLE WYLIE, and DOES 1-10;21-25, inclusive, and the abovementioned wrongful conduct of defendants CITY; ANDREW BIDOU; and DOES 11-20, inclusive.

52. Defendant CITY is liable to plaintiff pursuant to Govt. Code Section 815.6; and defendants ANDREW BIDOU, and DOES 11-20, inclusive, are liable to plaintiff pursuant to Govt. Code Section 820.2 and 820.4, for plaintiff's injuries and damages hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION
(Vicarious Liability)
(Against defendant CITY OF VALLEJO)

53. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 52 of this Complaint, excerpt for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

54. Pursuant to Government Code Section 815.2(a), defendant CITY OF VALLEJO is vicariously liable to plaintiff for his injuries and damages alleged herein, incurred as a proximate result of the aforementioned intentional and/or negligent wrongful conduct of defendant police officers JASON BAUER, KYLE WYLIE, and DOES 1-25, inclusive, as

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 18

set forth in plaintiff's First Cause of Action, and Third through Eight Causes of Action herein.

55. As a proximate result of defendants' conduct, plaintiff suffered injuries and damages, as hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### JURY DEMAND

56. Plaintiff hereby demands a jury trial in this action.

### PRAYER

WHEREFORE, plaintiff prays for relief, as follows:

1. For general damages in the sum of $2,000,000.00;

2. For special damages according to proof;

3. For punitive damages against defendant police officers JASON BAUER, KYLE WYLIE, and DOES 1-10, inclusive, according to proof;

4. For injunctive relief enjoining defendant CITY OF VALLEJO from authorizing, allowing, or ratifying the practice by any of their employees of making unreasonable and wrongful assaults on persons; effecting unreasonable and improper arrests, detentions, and imprisonments of persons; and, from treating persons in a manner that is racially discriminatory, in violation of California Civil Code Section 52.1;

5. For violation of California Civil Code Sections 52 and 52.1, punitive damages against defendant police officers JASON BAUER, KYLE WYLIE, and DOES 1-10, inclusive; $100,000.00 for each offense; and reasonable attorney's fees;

6. For reasonable attorney's fees pursuant to 42 U.S.C. Sections 1983 and 1988;

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 19

7. For costs of the suit herein incurred; and,

8. For such other and further relief as the Court deems just and proper.

Date: 2-19-19   By: _____
Ethan Berry, In Pro Se
Plaintiff

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 20